UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
NORTHERN DIVISION



******************************************************************

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | CR 12-10064 |
| Plaintiff, | * | |
| -vs- | * | OPINION AND ORDER |
| KATHLEEN KUZIOR, a/k/a KATHY KUZIOR, | * | |
| Defendant. | * | |

******************************************************************

Defendant is charged with involuntary manslaughter and abuse and neglect of a disabled adult arising out of the death of her son in March 2012. The government contends that the defendant maintained her home in grossly negligent manner which prevented her son from escaping a fire in the home and prevented responders from rescuing the victim. Defendant filed a motion *in limine* for an order prohibiting the government from offering evidence during the trial concerning the death of a child at defendant's residence in 2004. The government filed a notice of intent to present that evidence pursuant to Fed. R. Evid. 404(b). The parties briefed the issue and the Court conducted an informal conference with counsel on September 9, 2013, to hear counsels' arguments.

Federal Rule of Evidence 404(b), Crimes, Wrongs, or Other Acts, provides:

> (1) Prohibited Uses. Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.
>
> (2) Permitted Uses; Notice in a Criminal Case. This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or

lack of accident. On request by a defendant in a criminal case, the prosecutor must:

> (A) provide reasonable notice of the general nature of any such evidence that the prosecutor intends to offer at trial; and
> (B) do so before trial--or during trial if the court, for good cause, excuses lack of pretrial notice.

The government provided timely notice of its intent to offer the evidence at trial.

The government contends that the evidence is admissible under Rule 404(b) to demonstrate absence of mistake or lack of accident in maintaining her home in such a fashion as to cause the death of her disabled adult son. The government further contends that the evidence is admissible to show intent. The government has not shown that the death of the child in 2004 was caused by the action or inaction of the defendant in maintaining her home. The evidence thus does not fall within Rule 404(b).

In any event, I find that the evidence should be excluded pursuant to Fed. R. Evid. 403 because the probative value, if any, of the evidence "is substantially outweighed by a danger of . . . unfair prejudice."

Based upon the foregoing,

IT IS ORDERED that defendant's motion, Doc. 84, *in limine* is granted.

Dated this 5th day of October, 2013.

BY THE COURT:

*Charles B. Kornmann*
CHARLES B. KORNMANN
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK

BY: *Barbara J. Gapp*
    DEPUTY
(SEAL)

2